**SERRANO v. PETER PAUL, Inc.**

**No. 4089.**

Circuit Court of Appeals, First Circuit.

Jan. 11, 1946.

J. Henri Brown, Walter L. Newsom, Brown, Newsom & Cordova, and Enrique Cordova Diaz, all of San Juan, P. R., for appellant.

Miguel Guerra-Mondragon, of San Juan, P. R., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This appeal from the judgment of the District Court dismissing the appellant's complaint has been submitted to us on briefs.

Since the appellant is a citizen of Puerto Rico and the appellee is a Delaware corporation, the diversity of citizenship required for federal jurisdiction is present. The requisite jurisdictional amount of $3,000 has been challenged. There is no allegation that the claim of $24,386.94 was made in bad faith and the amount of damages claimed by the appellant must be accepted "if the claim is apparently made in good faith." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845. Moreover, the court below found that the amount in dispute was more than $3,000 and there is ample evidence in the record to support this finding.

The appellant had leased from the Puerto Rico Reconstruction Administration a plant in Arecibo, Puerto Rico, for the purpose of canning fruits and vegetables. By agreement, this lease was cancelled and the appellee, which was engaged in the business of desiccating coconuts for its candy factories in the continental United States, thereafter leased the premises, and hired the appellant as plant superintendent. At the time the lease was cancelled, there was a large amount of supplies, materials and equipment which had been used by appellant in his canning business remaining in the plant. Some of this equipment was purchased by the appellee and some of it was removed by the appellant prior to September 3, 1943. The property which was not removed was completely destroyed by a fire in the plant on September 3, 1943.

Prior thereto, the appellee under date of July 6, 1943, notified the appellant in writing to remove by July 31st the material which the appellant had left in the plant and which was occupying considerable space in the building. Again on August 16, 1943, the appellee notified the appellant in writing to remove his property by August 30th. In addition to these written notices, the appellee repeatedly asked the appellant to remove his property from the plant since

it needed all the space there for its own business. The appellant said that he would remove it as soon as he could find a place in which to store it. There was no evidence of an agreement by the appellee to hold the property for safekeeping or to become responsible for it as a bailee, or in any other manner. The appellant hired a watchman to guard his property. This property which remained in the building was of no use to the appellee in its business.

■ On these findings of fact made by the trial court, it found that as a matter of law there was no bailment or depositum agreement, express or implied, since the civil law requires an acceptance of the property by the bailee before a depositum will be deemed to have been created. Therefore, it held that the appellant must show gross negligence or wilful or wanton misconduct on the part of the appellee to recover. We have been unable to find any reference in the civil code of Puerto Rico to this common law doctrine, but we think that the decision for the appellee was correct.

The appellant urges that the facts as found by the District Court establish a depositum agreement and that the appellee, as a bailee, owed him a duty to exercise reasonable care to protect his property. However, we believe that the court below was correct in finding that the facts did not justify a conclusion that a depositum agreement had been made, either expressly or impliedly.

There is no appreciable difference between a common law bailment and a civil law depositum, since the principles of bailment were borrowed from the civil law (Ferry & Co. v. Forquer, 61 Mont. 336, 202 P. 193, 29 A.L.R. 642) and for the purpose of convenience we shall use the terms interchangeably. Section 1658 of the Civil Code of Puerto Rico (1930 Ed.) declares that: "A depositum is constituted from the time a person receives a thing belonging to another with the obligation of keeping and returning it." There is no evidence that the appellee received or accepted the possession of the appellant's property and there is evidence that it was not interested and never talked about purchasing it.

The appellant himself testified that he had been requested to remove it on several occasions and had hired a watchman to protect his property, and that when it had been damaged prior to the fire, he had instituted proceedings, not against the appellee but against the appellee's employees. This is some indication that he had no intention of holding the appellee responsible for injuries to his goods and that there was no depositum agreement. It supports the lower court's finding that at no time did the appellee accept a delivery of appellant's property or agree to become responsible as bailee or otherwise for the safeguarding of the same.

■ The appellant argues that this case falls within § 1047 of the Code: "A person obliged to give something is also bound to preserve it with the diligence pertaining to a good father of a family." However, he insisted upon leaving his property on the premises, under conditions with which he was thoroughly familiar, having been in business there himself and also having worked as plant superintendent for the appellee, and he cannot expect any greater precautions to be taken by the appellee for his property than appellee took for his own. He has not shown even under Section 1047 a failure on the part of the appellee to preserve the property in question with the diligence pertaining to a good father of a family.

It is unnecessary for us to consider what duty of care would have been owed the appellant and what presumptions he would have been entitled to had there been a bailment.

The appellant also contends that even though the facts as found by the court below did not establish a depositum agreement, the appellee owed him a duty of reasonable care. His arguments are somewhat confusing but they seem to depend on sections of the civil code of Puerto Rico which apply to debtor-creditor and lessor-lessee relationships. No such relationships existed here. The appellee never assumed the duty of delivering, returning or keeping the goods but he was obliged to permit the appellant to take possession of them. It is clear that this duty was not violated for the appellee several times requested the appellant to remove his property.

The parties are not in accord as to whether a depositum agreement must be in writing, but since we have decided that there was no depositum agreement, express or implied, written or oral, it is unnecessary for us to go into this issue.

The judgment of the District Court is affirmed with costs to the appellee.